THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA E. NIELSEN,<br><br>            Plaintiff,<br><br>v.<br><br>SEVIER COUNTY, UT,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**<br><br>Case No. 4:24-cv-00045-DN-PK<br><br>District Judge David Nuffer |

Plaintiff Cynthia E. Nielsen asserts claims against Defendant Sevier County, UT of employment discrimination based on her race, gender, religion, and age.[1] Defendant seeks dismissal of Plaintiff's Complaint for failure to state a claim, or alternatively, seeks a more definite statement.[2]

Because the factual allegations in Plaintiff's Complaint are too vague and conclusory to determine if she has stated plausible claims for relief against Defendant, a more definite statement is necessary and appropriate. Therefore, Defendant's Motion[3] is DENIED in part and GRANTED in part.

---

[1] Complaint for Employment Discrimination ("Complaint") ¶¶ 7-72 at 3-10, docket no. 1, filed May 14, 2024.

[2] Defendant's Omnibus Rule 12 Motion to Dismiss and for More Definite Statement ("Motion"), docket no. 10, filed July 19, 2024.

[3] Docket no. 10, filed July 19, 2024.

**Contents**
Discussion ........................................................................................................................... 2
    Plaintiff's Title VII discrimination claims require further factual enhancement ................ 3
    Plaintiff's ADEA discrimination claim requires further factual enhancement ................... 5
    Plaintiff's hostile work environment claim requires further factual enhancement ............ 6
    Further factual enhancement is necessary for Plaintiff's hostile work environment claim
        to avoid the statute of limitations ................................................................................ 8
    Relief for Plaintiff's salary suppression allegations is time-barred .................................... 9
    A more definite statement is necessary and appropriate .................................................. 11
Order ................................................................................................................................ 11

## DISCUSSION

Defendant seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] Alternatively, Defendant seeks a more definite statement pursuant to Rule 12(e).[5] Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[6] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[7] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[8] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[9]

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

---

[4] *Id.* at 2-11.

[5] *Id.* at 11-15.

[6] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

reasonably prepare a response."[10] A more definite statement is appropriate when a complaint alleges facts that could state a claim for relief, but those facts are too vague to conclude that the claim meets the Rule 12(b)(6) standard.[11]

Plaintiff asserts claims of employment discrimination under Title VII of the Civil Rights Act of 1964 based on her status as a member of the protected classes of race, gender, and religion.[12] She also asserts a claim for employment discrimination under the Age Discrimination in Employment Act of 1967 based on her age.[13] And she asserts a claim that Defendant created and perpetuated a hostile work environment against her because of her protected class status.[14] Plaintiff alleges facts in her Complaint that could establish claims against Defendant that meet the Rule 12(b)(6) standard. However, without further factual enhancement, Plaintiff's allegations are currently too vague and conclusory to state plausible claims for relief against Defendant. Therefore, requiring a more definite statement, as opposed to dismissal for failure to state a claim, is appropriate.

### Plaintiff's Title VII discrimination claims require further factual enhancement

Under Title VII of the Civil Rights Act of 1964, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to [the individual's] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[15] To

---

[10] FED. R. CIV. P. 12(e).

[11] *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 377-378 (1982).

[12] Complaint ¶¶ 34-57 at 6-9.

[13] *Id.* ¶¶ 58-65 at 9-10.

[14] *Id.* ¶¶ 66-72 at 10. Plaintiff's Complaint does not identify the legal basis for the hostile work environment claim. The claim is analyzed as being brought under Title VII of the Civil Rights Act of 1964.

[15] 42 U.S.C.A. § 2000e-2(a).

state a plausible Title VII discrimination claim, a complaint must allege sufficient facts regarding a defendant's adverse employment actions against the plaintiff to "give rise to an inference of unlawful discrimination" based on the plaintiff's status as a member of a protected racial, gender, or religious class.[16] Plaintiff's Complaint fails to do so.

First, Plaintiff alleges no facts to allow for a reasonable inference that Defendant took any of the alleged adverse employment actions because of Plaintiff's race. Plaintiff's allegations regarding racial discrimination are entirely conclusory and devoid of fact. And in its current state, Plaintiff's Complaint fails to state a plausible claim for discrimination based on Plaintiff's race.

Regarding gender discrimination, Plaintiff alleges only that an unidentified County Commissioner referred to her as a "mean old woman" during a County Commission meeting.[17] There are no factual allegations tying the timing of the comment to the alleged adverse employment actions. There are also no factual allegations that the County Commissioner who made the comment, or the County Commission, had any role in or authority over the alleged adverse employment actions. The lone comment of a County Commissioner, without context or additional facts, is insufficient to permit a reasonable inference that Defendant took any of the alleged adverse employment actions against Plaintiff because of her gender. Therefore, in its current state, Plaintiff's Complaint fails to state a plausible claim for discrimination based on Plaintiff's gender.

Similarly, Plaintiff's factual allegations regarding religious discrimination are vague and lack necessary context to link the facts to the alleged adverse employment actions taken against

---

[16] *Bird v. West Valley City*, 832 F.3d 1188, 1200 (10th Cir. 2016).

[17] Complaint ¶ 18 at 4.

Plaintiff. Plaintiff alleges that the supervisors who took the adverse actions against her were members of The Church of Jesus Christ of Latter-day Saints ("LDS Church"), a religion of which she is not a member.[18] Plaintiff also alleges that she felt uncomfortable during County Commission meetings because several County Commissioners and their staff refer to each other as "brother" or "sister," indicating their status as members of the LDS Church.[19] But Plaintiff makes no allegations suggesting that her supervisors' status as members of the LDS Church, or Plaintiff's status as a non-member of the religion, affected Defendant's decisions and actions regarding Plaintiff's employment. In the absence of further factual enhancement, Plaintiff's Complaint fails to state a plausible discrimination claim based on Plaintiff's religion.

**Plaintiff's ADEA discrimination claim requires further factual enhancement**

Under the Age Discrimination in Employment Act of 1967 ("ADEA"), it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to [the individual's] compensation, terms, conditions, or privileges of employment, because of such individual's age."[20] To state a plausible ADEA discrimination claim, a complaint must allege sufficient facts to support a reasonable inference that age was the "but-for" cause of an adverse employment action.[21] Plaintiff's Complaint fails to do so.

The only alleged fact relating to Plaintiff's age is that an unidentified County Commissioner referred to Plaintiff as a "mean old woman" during a County Commission meeting.[22] This allegation is vague and lacks necessary context to allow for a reasonable

---

[18] *Id*. ¶ 16 at 4.

[19] *Id*. ¶ 23 at 5.

[20] 29 U.S.C.A. § 623(a).

[21] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

[22] Complaint ¶ 18 at 4.

inference that Plaintiff's age was the "but-for" cause of the alleged adverse employment actions taken against her. Just as with Plaintiff's Title VII gender discrimination claim,[23] there are no factual allegations tying the timing of the Commissioner's comment to the alleged adverse employment actions taken against Plaintiff. And there are no factual allegations that the County Commissioner who made the comment, or the County Commission, had any role in or authority over the alleged adverse employment actions. The lone comment of a County Commissioner, without context or additional facts, is insufficient to permit a reasonable inference that Plaintiff's age played any role in the alleged adverse employment actions. Therefore, in its current state, Plaintiff's Complaint fails to state a plausible ADEA claim.

### Plaintiff's hostile work environment claim requires further factual enhancement

To state a plausible hostile work environment claim, a plaintiff must allege sufficient facts showing that a workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[24] But unwelcome conduct in the workplace must do more than "engender[] offensive feelings in an employee[.]"[25] "[T]here must be a steady barrage of opprobrious [prejudicial] comments."[26] "[T]o evaluate whether a working environment is sufficiently hostile or abusive, [courts] examine all the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether

---

[23] *Supra* Discussion at 4.

[24] *Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998) (internal quotations omitted).

[25] *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1537 (10th Cir. 1995) (internal quotations omitted).

[26] *Id.* (internal quotations omitted).

the conduct unreasonably interferes with the employee's work performance."[27] And the hostile work environment must be created and perpetuated due to the plaintiff's status in a protected class.[28] Plaintiff's Complaint fails to allege sufficient facts to meet this standard.

Plaintiff's Complaint contains minimal specific factual allegations to support her hostile work environment claim. Plaintiff alleges that (1) a County Commissioner referred to Plaintiff as a "mean old woman" during a County Commission meeting,[29] and (2) Plaintiff felt uncomfortable during County Commission meetings because several County Commissioners and their staff referred to each other as "brother" or "sister," indicating their status as members of the LDS Church.[30] As previously discussed,[31] these allegations may constitute the beginning of a plausible claim, but they are alleged as isolated events that lack context. These allegations are too vague to allow for a reasonable inference that Plaintiff's work environment was hostile or that these actions occurred because of Plaintiff's race, gender, religion, or age.

In addition to these specific allegations, Plaintiff's Complaint includes several vague and conclusory allegations of a hostile work environment. Plaintiff alleges that (1) she was assigned undesirable extra job duties that caused friction with other departments and led to certain County employees berating Plaintiff, including in open public meetings;[32] (2) she was routinely harassed by County employees, including her supervisor, Gary Mason;[33] and (3) certain County

---

[27] *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005), overruled on other grounds by *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018).

[28] *Stahl v. Sun Microsystems, Inc.,* 19 F.3d 533, 538 (10th Cir. 1994).

[29] Complaint ¶ 18 at 4.

[30] *Id.* ¶ 23 at 5.

[31] *Supra* Discussion at 4-6.

[32] Complaint ¶ 20 at 4.

[33] *Id.* ¶ 22 at 4.

7

employees incited the public to harass her.[34] But these allegations have little meaning due to their vague and conclusory nature. Plaintiff fails to allege facts identifying what is meant by "berate," "incite," or "harass." These are conclusions, not facts supporting the characterizations. And she provides no facts to permit a reasonable inference that any of these actions were taken against her because of her race, gender, religion, or age. Therefore, in the absence of further factual enhancement, Plaintiff's Complaint fails to state a plausible claim for a hostile work environment.

### Further factual enhancement is necessary for Plaintiff's hostile work environment claim to avoid the statute of limitations

A hostile work environment claim brought under Title VII must be filed with the Equal Employment Opportunity Commission (EEOC) no later than "[180] days after the alleged unlawful employment action occurred."[35] "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"[36] "It does not matter . . . that some of the component acts of the hostile work environment fall outside the statutory time period."[37] But each component act in a plaintiff's claim must be "part of the same actionable hostile work environment practice," and at least one act must "fall[] within the statutory time period."[38] Thus, despite alleged actions falling outside the statutory time period, "incidents involve[ing] the same type of employment actions, occur[ing] relatively frequently, and [being] perpetrated by the same managers" remain actionable.[39]

---

[34] *Id.*

[35] 42 U.S.C.A. § 2000e-5(e)(1).

[36] *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

[37] *Id.*

[38] *Id.* at 120.

[39] *Id.*

Plaintiff filed a claim with the EEOC within 180 days of her alleged constructive discharge due to her status as a member of a protected class under Title VII and ADEA.[40] However, the allegations of a hostile work environment within Plaintiff's Complaint are too vague and conclusory to permit a reasonable inference that they (1) happened within the 180-day statutory period; or (2) are part of the same type of employment action as her constructive discharge, occurred frequently, and were perpetrated by the same managers. Plaintiff fails to include factual allegations regarding whether the various alleged actions were committed by the same manager or by employees who had any role in or authority over the alleged adverse employment actions.[41] Plaintiff also fails to provide factual allegations regarding the timing of events or what the alleged harassment and beratement entailed.[42] And Plaintiff fails to present sufficient factual allegations to permit a reasonable inference that the alleged hostile work environment was part of the same practice that lead to her constructive discharge, and was because of her race, gender, religion, or age.[43] Therefore, further factual enhancement is necessary for Plaintiff's hostile work environment claim to avoid being barred by the statute of limitations.

### Relief for Plaintiff's salary suppression allegations is time-barred

Plaintiff's allegations of salary suppression are time-barred because the alleged suppression occurred outside the statutory period that a claim may be brought under Title VII or the ADEA. The Supreme Court has explained that discrimination against individuals with

---

[40] Complaint ¶ 6 at 2.

[41] *Supra* Discussion at 6-8.

[42] *Id.*

[43] *Id.*

respect to their compensation is a discrete discriminatory act,[44] and that each unlawful practice counts as its own actionable unlawful employment action that must be brought within the defined statutory time period.[45]

Plaintiff argues that her salary suppression claim is not time-barred under the continuing violation theory, which states that "so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability."[46] But "the continuing violation theory is not available in the context of a Title VII [or ADEA] claim based on discrete incidents of discrimination or retaliation," such as compensation.[47]

Plaintiff alleges that Defendant suppressed her salary by calculating the average pay of lower paying counties in Utah to determine her salary while using the average of higher paying counties to determine other County employees' salaries—though Plaintiff does not specify whether these other employees' roles were similar to her role.[48] Plaintiff also alleges salary suppression through the assignment of extra job duties without a corresponding raise in pay.[49]

Both of these alleged actions occurred outside the statutory time period in which a discrimination claim could have been brought. And even if these actions relate to the lowering of Plaintiff's salary before her constructive termination, each action must be treated as a discrete event because they are related to Plaintiff's compensation. Therefore, Plaintiff's allegations regarding salary suppression are time-barred.

---

[44] *Morgan*, 536 U.S. 101 at 110-11.

[45] *Id.*

[46] *Id.*

[47] *Salemi v. Colorado Pub. Employees' Ret. Ass'n*, 747 Fed. App'x 675, 689 (10th Cir. 2018).

[48] Complaint ¶¶ 13-14 at 3.

[49] *Id.* ¶¶ 11-12 at 3.

**A more definite statement is necessary and appropriate**

Certain allegations contained in Plaintiff's Complaint—including a County Commissioner calling Plaintiff a "mean old woman"[50] and County employees referring to each other as "brother" or "sister," indicating their membership in the LDS Church[51]—suggest that Plaintiff may be capable of stating a plausible discrimination claim under Title VII or the ADEA. However, the allegations in Plaintiff's Complaint lack context and are too vague and conclusory to state a plausible discrimination claim under Title VII and the ADEA. Further factual enhancement is necessary for Plaintiff to plausibly state a claim of employment discrimination based on her race, gender, religion, or age. Therefore, requiring a more definite statement, as opposed to dismissal, is appropriate at this time.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[52] is DENIED in part and GRANTED in part. Plaintiff must file an Amended Complaint providing a more definite statement of her claims against Defendant within 28 days.

Signed November 8, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[50] *Id.* ¶ 18 at 4.

[51] *Id.* ¶ 23 at 5.

[52] Docket no. 10, filed July 19, 2024.